IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MONARCH HEALTH SCIENCES, a Utah corporation,**<br><br>       **Plaintiff and**<br>       **Counterclaim Defendant,**<br><br>**v.**<br><br>**CHARLES CORKIN, an individual, MARY CORKIN, an individual, and AVCOR ENTERPRISES, INC., a Colorado corporation,**<br><br>       **Defendant and**<br>       **Counterclaim Plaintiff.** | **ORDER**<br><br>**Case No. 2:06CV440 DAK** |

This matter is before the court on (1) Defendants/Counterclaim Plaintiffs' Motion for Partial Summary Judgment;  (2) Plaintiffs/Counterclaim Defendants' Motion for Judgment on the Pleadings;  (3) Defendants/Counterclaim Plaintiffs' Motion for Judgment on the Pleadings Dismissing Fourth Claim for Relief;  (4) Plaintiffs/Counterclaim Defendants' Motion for Partial Summary Judgment Re: Valuation of stock Warrants ; (5) Plaintiffs/Counterclaim Defendants' Motion for Partial Summary Judgment Regarding Estoppel Claims;  and (6) Defendants/ Counterclaim Plaintiffs' Motion for Leave to File Second Amended Complaint.

A hearing on the motions was held on September 6, 2007.  At the hearing,

1

Plaintiff/Counterclaim Defendants Monarch Health Sciences, Monarch Founders, Dallin Larsen, Henry Marsh, Charles Brink, Randy Larson, and Amy Cowley (collectively referred to as "Monarch") were represented by Brian C. Johnson and William B. Ingram. Defendants/Counterclaim Plaintiffs Charles and Mary Averill Corkin and Avcor Enterprises (collectively, "the Corkins") were represented by Richard B. Caschette, Elizabeth J. Hyatt, and Blake D. Miller. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Order.

Plaintiffs/Counterclaim Defendants' counsel suggested at the hearing on these motions that the parties had unduly complicated this lawsuit with the many motions that had been filed over the course of the last year. The court agrees. After considering all the motions and the oral arguments of the parties, the court finds that this case is a contract case, and all other non-contract claims alleged by either party are dismissed.

**I.      Defendants/Counterclaim Plaintiffs' Motion for Partial Summary Judgment**

The Corkins have moved for Summary Judgment on their claim that Monarch breached the independent contractor agreement (Third Claim) and on Monarch's alleged failure to honor the stock warrants purchased by the Corkins (Thirteenth Claim for Relief). The Corkins contend that undisputed material facts establish that Monarch breached these two contracts.

The court disagrees, finding that many disputed facts preclude summary judgment on these claims. Further, the court finds that the Corkins have waived their right to arbitration by

filing counterclaims against Monarch and then a separate lawsuit against the officers.

**II.     Plaintiffs/Counterclaim Defendants' Motion for Judgment on the Pleadings**

Monarch has moved to dismiss many of the Corkins' claims. For the reasons stated by Monarch in its Memorandum in Support and in its Reply Memorandum, the court grants Monarch's motion. As the court stated above, this alleged wrongs in this case amount to contract claims.

**III.    Defendants/Counterclaim Plaintiffs' Motion for Judgment on the Pleadings Dismissing Fourth Claim for Relief**

The Corkins have moved to dismiss Monarch's Fourth Claim for Relief, entitled "Fraud and Misrepresentation." In its Complaint, Monarch alleges that the Corkins "have made a series of misrepresentations to Monarch to better their financial position with Monarch" and that Monarch reasonably relied on those misrepresentations to its detriment, resulting in damages. The Corkins argue that Monarch has failed to set forth with particularity the circumstances constituting the alleged fraud, as required by Rule 9(b).

Monarch conceded at the hearing that the court could dismiss its fraud claim. In any event, the court finds that Monarch has failed to alleged a fraud claim, and thus it is dismissed.

**IV.     Plaintiffs/Counterclaim Defendants' Motion for Partial Summary Judgment Re: Valuation of Stock Warrants**

Monarch seeks summary judgment limiting any potential damages regarding the Corkins' Thirteen Claim for Relief, "Breach of Contract (Stock Warrants)." Specifically, Monarch seeks a ruling that any damages suffered by the Corkins under the Warrant Contract be limited to the value of 80,000 Monarch convertible preferred shares as of June 2, 2006 and that the value

should be discounted to reflect restrictions on transferability and a general lack of marketability. For the reasons set forth by Monarch, this motion is granted.

V.     **Plaintiffs/Counterclaim Defendants' Motion for Partial Summary Judgment Regarding Estoppel Claims**

Monarch (and the individual officers) seek dismissal of the Corkins' claim for Promissory Estoppel (their Fourth Claim for Relief of the First Amended Counterclaim and the Second Claim of the First Amended Complaint).   Monarch argues that the Corkins' purported reliance on alleged promise of "$606,000 per year forever" to be unreasonable as a matter of law. Monarch further argues that while the promises of Dallin Larsen are addressed in the Independent Contractor Agreement, which is an integrated contract, this alleged promise is no where to be found.

The court agrees that the Corkins' purported reliance on an alleged promise of "$606,000 per year forever" to be unreasonable as a matter of law, particularly when the integrated contract makes no mention of this language.   Thus, the Corkins' promissory estoppel claim is dismissed.

VI.    **Defendants/Counterclaim Plaintiffs' Motion for Leave to File Second Amended Complaint**

The Corkins seek to amend their Complaint to (1) add additional allegation to strengthen their claims of breach of fiduciary duty and fraud on the part of certain named defendants, (2) add an "aiding and abetting breach of fiduciary duty" claim as to Henry March; (3) "more fully provide Monarch notice of the basis of the claims against it, (4) and include an additional claim of securities fraud against Larsen and Brink.

The Monarch Defendants contend that the amended claims would be futile.  Monarch claims that this is a breach-of-contract action that the Corkins are attempting to make it a fraud

4

and securities fraud action.   Monarch claims that these claims would be dismissed in any event, so they should not be allowed .  Finally, Monarch contends that the attempt to amend is untimely.

For the reasons set forth by Monarch, this motion is denied as being both futile and untimely.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that

1. Defendants/Counterclaim Plaintiffs' Motion for Partial Summary Judgment (docket #45) is DENIED;

2. Plaintiffs/Counterclaim Defendants' Motion for Judgment on the Pleadings (docket #76) is GRANTED;

3. Defendants/Counterclaim Plaintiffs' Motion for Judgment on the Pleadings Dismissing Fourth Claim for Relief (docket #95) is GRANTED;

4. Plaintiffs/Counterclaim Defendants' Motion for Partial Summary Judgment Re: Valuation of Stock Warrants (docket #100) is GRANTED;

5. Plaintiffs/Counterclaim Defendants' Motion for Partial Summary Judgment Regarding Estoppel Claims (docket #120) is GRANTED; and

6. Defendants/Counterclaim Plaintiffs' Motion for Leave to File Second Amended Complaint (docket #81) is DENIED.

7. A four-day jury trial has been set to begin on **Monday, January 28, 2008** at 8:30 a.m.  Within the next seven days, the court will issue a Trial Order regarding deadlines for proposed jury instructions, verdict forms, voir dire, along with instructions regarding the labeling of exhibits and the filing of a Pretrial Order.

DATED this 28th day of September, 2007.

                        BY THE COURT:

                        _____
                        DALE A. KIMBALL
                        United States District Judge